No. 23-60255

---

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; LONGVIEW
CHAMBER OF COMMERCE; TEXAS ASSOCIATION OF BUSINESS,

*Petitioners*,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

---

Petition for Review of an Order of
the Securities and Exchange Commission
Release Nos. 34-97424; IC-34906

---

## PETITIONERS' UNOPPOSED MOTION TO EXPEDITE ARGUMENT

---

Tara S. Morrissey
Tyler S. Badgley
Kevin R. Palmer
U.S. CHAMBER
LITIGATION CENTER
1615 H Street, N.W.
Washington, DC 20062
(202) 463-5337

Noel J. Francisco
Brian C. Rabbitt
Brinton Lucas
Charles E.T. Roberts
Ryan M. Proctor
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

Alexander V. Maugeri
JONES DAY
250 Vesey St.
New York, NY 10281
(212) 326-3939

*Counsel for Petitioners*

---

## CERTIFICATE OF INTERESTED PERSONS

### No. 23-60255, Chamber of Commerce of the United States of America et al. v. United States Securities and Exchange Commission

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1.     Petitioner **Chamber of Commerce of the United States of America** has no parent corporation and no publicly held corporation owns 10% or more of its stock.

2.     Petitioner **Longview Chamber of Commerce** has no parent corporation and no publicly held corporation owns 10% or more of its stock.

3.     Petitioner **Texas Association of Business** has no parent corporation and no publicly held corporation owns 10% or more of its stock.

4.     **Counsel for Petitioners:** Noel J. Francisco, Brian C. Rabbitt, Brinton Lucas, Alexander V. Maugeri, Charles E.T. Roberts, and

Ryan M. Proctor of JONES DAY; and Tara S. Morrissey, Tyler S. Badgley, and Kevin R. Palmer of the Chamber of Commerce of the United States of America.

5.     Respondent **United States Securities and Exchange Commission**.

6.     **Counsel for Respondent:** Theodore Weiman, Joseph Freda, Dominick V. Hill, and Ezekiel Levenson.

7.     *Amicus Curiae* **Investor Choice Advocates Network** represents that it is a nonprofit organization that has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

8.     **Counsel for *Amicus Curiae* Investor Choice Advocates Network:** Angela Laughlin Brown of Gray Reed & McGraw LLP and Nicolas Morgan of Paul Hastings LLP.

9.     *Amicus Curiae* **Manhattan Institute** represents that it is a nonprofit corporation that has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

10.    **Counsel for *Amicus Curiae* Manhattan Institute:** Helgi C. Walker and Jeffrey Liu of Gibson, Dunn & Crutcher LLP; Jennifer L.

Mascott and R. Trent McCotter of Separation of Powers Clinic, Antonin Scalia Law School; and Ilya Shapiro of Manhattan Institute.

11.    *Amici Curiae* **S.P. Kothari and James Overdahl** are former SEC Chief Economists.

12.    **Counsel for *Amici Curiae* Kothari and Overdahl:** Megan Brown, Thomas M. Johnson, Jr., Kevin Muhlendorf, and Michael J. Showalter of Wiley Rein LLP.

13.    *Amicus Curiae* **Better Markets, Inc.** represents that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

14.    **Counsel for *Amicus Curiae* Better Markets, Inc.:** John Paul Schnapper-Casteras of Schnapper-Casteras PLLC.

15.    *Amici Curiae* **Matthew D. Cain, Alex Edmans, Brian Galle, Vyacheslav (Slava) Fos, Edwin Hu, Robert Jackson, Bradford Lynch, Joshua Mitts, Shivaram Rajgopal, and Jonathon Zytnick** represent that they are scholars of law and finance.

16.    **Counsel for *Amici Curiae* Matthew D. Cain, Alex Edmans, Brian Galle, Vyacheslav (Slava) Fos, Edwin Hu, Robert Jackson, Bradford Lynch, Joshua Mitts, Shivaram Rajgopal, and**

**Jonathon Zytnick:** Julie Goldstein Reiser and Laura H. Posner of Cohen Millstein Sellers & Toll PLLC.


/s/ *Noel J. Francisco*
Noel J. Francisco
*Counsel for Petitioners*

Pursuant to Federal Rule of Appellate Procedure 27 and Fifth Circuit Rules 27.5 and 34.5, Petitioners Chamber of Commerce of the United States of America, Longview Chamber of Commerce, and Texas Association of Business (Petitioners) respectfully request that the Court expedite the calendaring of this case for oral argument.

Good cause supports this motion. Expedited consideration of this case—and more specifically, an argument date that allows resolution of this case by at least the start of February 2024—will save Petitioners' members and other regulated parties millions of dollars in compliance costs and prevent other irreparable harms such as the loss of their First Amendment freedoms. Respondent the U.S. Securities and Exchange Commission (SEC) does not oppose this motion so long as the parties receive at least 30 days' notice prior to any scheduled argument, a condition with which Petitioners agree.

## BACKGROUND

Petitioners challenge the SEC's rule *Share Repurchase Disclosure and Modernization*, Release No. 34-97423, Dkt. 2 (May 3, 2023) (Final Rule or Rule). The Rule imposes two new quarterly disclosure requirements on companies that repurchase their own stock. *First*, they

must publicly file a "narrative" detailing their "objective or rationale" for their share repurchases. *Second*, they must disclose detailed data about their repurchase activity—such as the number of shares repurchased and average price—broken down by day. *See* Pet. Br. 12-13, 16. Petitioners contend these requirements must be vacated under the First Amendment and the Administrative Procedure Act. *See* Pet. Br. 21-66; Reply Br. 3-32.

The Final Rule imposes substantial compliance costs. The SEC estimates that regulated companies will need to spend over 69,000 internal company hours annually to prepare and file the Rule's disclosures, as well as almost $14 million in outside professional costs (such as lawyers' fees) each year. Final Rule 169. These figures do not include the Rule's indirect costs, such as causing companies to forgo repurchases that would otherwise have been in shareholders' interests. *See* Pet. Br. 58-59; Final Rule 134. In recognition of these significant costs, the Office of Information and Regulatory Affairs has designated the Rule a "major rule" under 5 U.S.C. § 804(2). Final Rule 97.

Subject companies will begin incurring these costs soon. Most subject companies will be required to submit the Rule's new disclosures "beginning with the first filing that covers the first full fiscal quarter that

begins on or after October 1, 2023." *Id.* at 96. That means companies will have to begin tracking their activity and preparing for the disclosures as early as October 1, 2023, and make the disclosures as early as February 29, 2024. *See* 17 C.F.R.§ 249.310(b) (requiring "large accelerated filers" to file their Form 10-K disclosures within "60 days after the end of the fiscal year"). Under the SEC's estimates, by the time of this first disclosure, subject companies will have expended over 17,000 hours of employee time and $3 million in outside professional costs (*i.e.*, one quarter of the annual costs) complying with the Rule. These companies include over 350 members of the U.S. Chamber of Commerce and over 50 members of the Texas Association of Business. *See* Quaadman Decl., Dkt. 40-2, ¶¶ 8-17; Hamer Decl., Dkt. 40-3 ¶¶ 6-15.

Given these impending costs, the parties in this case jointly agreed to, and this Court approved, an expedited briefing schedule. Dkts. 19, 30. That schedule shaved over a month off the standard three-month window from the filing of the administrative record to the filing of the reply brief.[1]

---

[1] The default rule is that the reply brief is due 91 days after the filing of the administrative record. Fed. R. App. P. 31(a)(1). The record here was due on June 26. *See* Dkt. 1. The parties agreed to complete briefing by August 23, 58 days after the administrative record was due. Dkt. 19 at 2.

Petitioners have filed their reply brief with this motion. They now move for expedited calendaring of oral argument.

## ARGUMENT

This Court may "advance any case for hearing" "for good cause on motion of either party." 5th Cir. R. 34.5; *accord* 5th Cir. R. 47.7; *see* 28 U.S.C. § 1657(a) (requiring courts to "expedite the consideration of any action … if good cause therefor is shown"). Good cause exists here. Expedited argument will allow the Court to reach a final decision sooner. And a prompt decision, particularly one issued by the start of February 2024, will prevent or at least mitigate irreparable harm to Petitioners' members and other regulated parties caused by the Final Rule.

The Final Rule will impose irreparable harm. As discussed, starting in October, it will begin to impose compliance costs running in the millions of dollars and tens of thousands of hours of employee time. Because the SEC enjoys sovereign immunity from suits for money damages, companies cannot recover these compliance costs after they have incurred them. And, as this Court has held many times, "the nonrecoverable costs of complying with a putatively invalid regulation []

constitute irreparable harm." *Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 597 (5th Cir. 2023) (collecting cases).

In addition, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) (per curiam). Because the Rule's requirement to disclose the rationale behind every repurchase violates the First Amendment rights of companies to be free from compulsions of speech, Pet. Br. 21-34; Reply Br. 3-16, Petitioners' members will suffer a distinct irreparable harm once they are forced to make their first disclosures in early 2024, *see* Quaadman Decl. ¶¶ 10-12, 17; Hamer Decl. ¶¶ 8-10, 15.

These harms are more than enough to warrant expedited consideration. Preventing irreparable harms of this sort justifies the extraordinary measure of a stay or injunction pending appeal. *See Wages & White Lion Invs., LLC v. FDA*, 16 F.4th 1130, 1135 (5th Cir. 2021). It *a fortiori* constitutes good cause for expediting argument in a fully briefed case. *See, e.g., Chamber of Comm. of the U.S. v. U.S. Dep't of Lab.*, No. 17-10238, Dkt. 98, at 7, 13 (5th Cir. May 24, 2017) (seeking expedition to stem the "accumulation of irrecoverable" "compliance costs" from

challenged rule by obtaining a ruling at least a month before "the Rule will take effect"); *id.*, Dkt. 114-1 (5th Cir. May 25, 2017) (granting motion).

Indeed, both Congress and this Court have recognized that claims "for temporary or preliminary injunctive relief" merit expedited consideration. 28 U.S.C. § 1657(a); 5th Cir. R. 47.4. Because this case presents the same kinds of impending irreparable harms justifying preliminary injunctive relief, it likewise merits expedited consideration.[2]

Nor will expediting argument prejudice the SEC, which does not oppose this motion, provided that the Court provides the parties with at least 30-days' notice of any scheduled argument date. Petitioners agree with that condition. Briefing is complete, so expedition will not compress the agency's time to prepare its defense of the Rule, and 30-days' notice will give all counsel adequate time to prepare for argument. Most importantly, expedited consideration will give all parties, as well as all issuers, certainty over which disclosure rules apply.

---

[2] In light of the Rule's effective date and the SEC's willingness to agree to an expedited briefing schedule, Petitioners have not sought a stay pending disposition of the petition for review at this time.

## CONCLUSION

This Court should expedite the calendaring of oral argument of this matter, and provide at least 30 days' notice of any scheduled argument, to permit a decision by no later than the start of February 2024.

Dated: August 23, 2023                Respectfully submitted,

                                       */s/ Noel J. Francisco*

Tara S. Morrissey                      Noel J. Francisco
Tyler S. Badgley                       Brian C. Rabbitt
Kevin R. Palmer                        Brinton Lucas
U.S. CHAMBER LITIGATION                Charles E.T. Roberts
CENTER                                 Ryan M. Proctor
1615 H Street, N.W.                    JONES DAY
Washington, DC 20062                   51 Louisiana Ave., NW
(202) 463-5337                         Washington, DC 20001
                                       (202) 879-3939
                                       njfrancisco@jonesday.com

                                       Alexander V. Maugeri
                                       JONES DAY
                                       250 Vesey St.
                                       New York, NY 10281
                                       (212) 326-3939

                        *Counsel for Petitioners*

7

## CERTIFICATE OF SERVICE

I certify that on August 23, 2023, I served a copy of the foregoing on all counsel of record by CM/ECF.

Dated: August 23, 2023

<u>*/s/ Noel J. Francisco*</u>
Noel J. Francisco
*Counsel for Petitioners*

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27(d)(2)(A), and Fifth Circuit Rule 32.1 & 32.2. Excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2, the brief contains 1,167 words and was prepared using Microsoft Word and produced in Century Schoolbook Standard 14-point font.

Dated: August 23, 2023

/s/ Noel J. Francisco
Noel J. Francisco
*Counsel for Petitioners*