# No. 23-60255

## UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; LONGVIEW CHAMBER OF COMMERCE; TEXAS ASSOCIATION OF BUSINESS,

*Petitioners*,

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

Petition for Review of an Order of
the Securities and Exchange Commission
Release Nos. 34-97424; IC-34906

## PETITIONERS' MOTION TO VACATE FINAL RULE

Tara S. Morrissey
Tyler S. Badgley
Kevin R. Palmer
U.S. CHAMBER LITIGATION CENTER
1615 H Street, N.W.
Washington, DC 20062
(202) 463-5337

Alexander V. Maugeri
JONES DAY
250 Vesey St.
New York, NY 10281
(212) 326-3939

Noel J. Francisco
Brian C. Rabbitt
Brinton Lucas
Charles E.T. Roberts
Ryan M. Proctor
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

*Counsel for Petitioners*

# CERTIFICATE OF INTERESTED PERSONS

## No. 23-60255, Chamber of Commerce of the United States of America et al. v. United States Securities and Exchange Commission

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1. Petitioner **Chamber of Commerce of the United States of America** has no parent corporation and no publicly held corporation owns 10% or more of its stock.

2. Petitioner **Longview Chamber of Commerce** has no parent corporation and no publicly held corporation owns 10% or more of its stock.

3. Petitioner **Texas Association of Business** has no parent corporation and no publicly held corporation owns 10% or more of its stock.

4. **Counsel for Petitioners:** Noel J. Francisco, Brian C. Rabbitt, Brinton Lucas, Alexander V. Maugeri, Charles E.T. Roberts, and

Ryan M. Proctor of Jones Day; and Tara S. Morrissey, Tyler S. Badgley, and Kevin R. Palmer of the Chamber of Commerce of the United States of America.

5.    Respondent **United States Securities and Exchange Commission**.

6.    **Counsel for Respondent:** Theodore Weiman, Joseph Freda, Dominick V. Hill, and Ezekiel Levenson.

7.    *Amicus Curiae* **Investor Choice Advocates Network** represents that it is a nonprofit organization that has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

8.    **Counsel for *Amicus Curiae* Investor Choice Advocates Network:** Angela Laughlin Brown of Gray Reed & McGraw LLP and Nicolas Morgan of Paul Hastings LLP.

9.    *Amicus Curiae* **Manhattan Institute** represents that it is a nonprofit corporation that has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

10.   **Counsel for *Amicus Curiae* Manhattan Institute:** Helgi C. Walker and Jeffrey Liu of Gibson, Dunn & Crutcher LLP; Jennifer L.

Mascott and R. Trent McCotter of Separation of Powers Clinic, Antonin Scalia Law School; and Ilya Shapiro of Manhattan Institute.

11. *Amici Curiae* **S.P. Kothari and James Overdahl** are former SEC Chief Economists.

12. **Counsel for** *Amici Curiae* **Kothari and Overdahl:** Megan Brown, Thomas M. Johnson, Jr., Kevin Muhlendorf, and Michael J. Showalter of Wiley Rein LLP.

13. *Amicus Curiae* **Better Markets, Inc.** represents that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

14. **Counsel for** *Amicus Curiae* **Better Markets, Inc.:** John Paul Schnapper-Casteras of Schnapper-Casteras PLLC.

15. *Amici Curiae* **Matthew D. Cain, Alex Edmans, Brian Galle, Vyacheslav (Slava) Fos, Edwin Hu, Robert Jackson, Bradford Lynch, Joshua Mitts, Shivaram Rajgopal, and Jonathon Zytnick** represent that they are scholars of law and finance.

16. **Counsel for** *Amici Curiae* **Matthew D. Cain, Alex Edmans, Brian Galle, Vyacheslav (Slava) Fos, Edwin Hu, Robert Jackson, Bradford Lynch, Joshua Mitts, Shivaram Rajgopal, and**

**Jonathon Zytnick:** Julie Goldstein Reiser and Laura H. Posner of Cohen Millstein Sellers & Toll PLLC.

*/s/ Noel J. Francisco*
Noel J. Francisco
*Counsel for Petitioners*

## INTRODUCTION

This Court withheld vacatur for 30 days to give the Securities and Exchange Commission (SEC or Commission) a chance to correct the multiple defects the Court identified in the Rule. That period expired a week ago, and this Court denied the SEC's motion for an extension of time. The SEC has conceded it has not corrected the Rule and has given no indication that any correction is forthcoming. In addition, when Petitioners notified the SEC that they would be filing this motion to vacate the Rule and sought its position, counsel responded that the Commission takes no position on it. Thus, the only remaining step for this Court is to vacate the Rule.

Even if the next step were an open question, vacatur would still be required, as Petitioners explained in their opposition to the SEC's extension motion. Dkt. 136 (Extension Opp.). As this Court's recent decision declining to extend the remand period implicitly recognized—and as the Commission's subsequent responses confirm—there is no reason to think the SEC will be able to fix the Rule anytime soon, if ever. Moreover, the Rule's defects are fundamental. The SEC will experience no prejudice from vacatur, and absent vacatur, issuers will suffer

unjustified uncertainty and irreparable harm. There is no compelling basis to leave Petitioners and issuers wondering whether or when the SEC will force them to comply with a rule this Court has held to be unlawful multiple times over. Instead, this Court should put this case to rest and issue a final judgment vacating the Rule.

## BACKGROUND

On October 31, 2023, this Court issued an opinion holding that the SEC's Share Repurchase Disclosure Modernization Rule (Rule) violated the Administrative Procedure Act (APA) in at least three respects. Dkt. 121-1 (Op.). Specifically, the Court found the Commission failed to respond to Petitioners' comments on how to quantify the Rule's economic effects, Op. 16-20; did not substantiate the Rule's primary purported benefit of reducing investor uncertainty about improperly motivated buybacks, Op. 20-22, 24-25; and did not substantiate the Rule's secondary purported benefit of promoting price discovery, Op. 22-24. Given these errors, the Court found it "unnecessary" to address three additional objections raised by Petitioners under the APA. Op. 13 n.9.

Rather than vacate the Rule immediately, this Court offered the SEC "limited time" to correct its defects. Op. 26. The Court thus issued a

"limited remand" to let the SEC try to cure the Rule's problems within 30 days—*i.e.*, by November 30—and "retain[ed] jurisdiction to consider the decision that is made on remand." *Id.*

On November 22, the SEC filed a motion to indefinitely extend the remand period, claiming that "comply[ing] with" this Court's ruling "will require additional time." Dkt. 128 ¶ 2. The motion did not identify how much progress the SEC had made in correcting the Rule or indicate when its work might be finished. Instead, it offered only that the SEC would provide the Court with an "update" within 60 days. *Id.* ¶ 5. The same day, the SEC issued an order "stay[ing] the effectiveness of the Repurchase Rule pending further Commission action." *Id.* at 7.

Petitioners opposed the motion, explaining that the SEC could not show it was entitled to an extended remand period under the governing test for remand without vacatur. Extension Opp. 9-24. This Court denied the motion on November 26. Dkt. 141.

The remand period expired on November 30. The next day, the SEC, after prompting by the Clerk, filed a letter informing the Court it "was not able 'to correct the defects in the rule'" on time. Dkt. 145 at 2. The

letter did not address when, if ever, the SEC believed it would be able to do so. *Id.*

## ARGUMENT

Now that the remand period has expired, this Court's October 31 opinion requires vacatur of the Rule. Even if this Court's opinion were not dispositive, its November 26 order declining to extend the SEC's remand period is. And even if neither opinion existed, first principles would dictate the same result. In short, there is nothing left for the Court to do but vacate the Rule and bring an end to this matter.

## I. THE RULE MUST BE VACATED UNDER THIS COURT'S OCTOBER 31 OPINION.

On October 31, this Court gave the SEC "limited time"—specifically, "30 days"— "to remedy the deficiencies in the rule." Op. 26. The SEC has conceded it has not done so, and the Court has declined to extend the remand period. This Court's October 31 opinion therefore requires that the Rule now be vacated.

Because the APA "gives courts the power to 'hold unlawful and set aside agency action[s,]' … [t]he default rule is that vacatur is the appropriate remedy" for an APA violation. *Data Mktg. P'ship v. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022) (quoting 5 U.S.C. § 706(2)). This

Court and others, however, have occasionally remanded to an agency without vacatur after finding an APA violation. *E.g.*, *Texas v. United States*, 50 F.4th 498, 529 (5th Cir. 2022) (*Texas I*); *Am. Great Lakes Ports Ass'n v. Schultz*, 962 F.3d 510, 519 (D.C. Cir. 2020). But such remands are often conditioned on a fix to defective agency action within a set period of time in order to avoid giving the agency the indefinite benefit of its unlawful rule for as long as it *refuses* to act. Otherwise, the agency would have "little or no incentive to fix the deficient rule." *Am. Pub. Gas Ass'n v. Dep't of Energy*, 22 F.4th 1018, 1030 (D.C. Cir. 2022). "To address this problem, 'it may sometimes be prudent to require an agency to fix a deficient rule by a time certain, at which the rule will automatically be vacated.'" Wright & Miller, 33 *Fed. Prac. & Proc.* § 8382 (2023); *see, e.g.*, *Cent. Forwarding, Inc. v. ICC*, 698 F.2d 1266, 1285 (5th Cir. 1983); *Am. Pub. Gas*, 22 F.4th at 1030-31; *Chamber of Com. of U.S. v. SEC*, 443 F.3d 890, 909 (D.C. Cir. 2006).

By issuing a limited remand without vacatur for a fixed period, this Court anticipated that the Rule would be vacated unless the SEC corrected its defects "within 30 days of this opinion"—*i.e.*, November 30, 2023. Op. 26. Although the October 31 opinion does not explicitly address

the consequences of failing to correct the rule within that period, the Court's directive only makes sense if it intended vacatur to take effect at that time. Since vacatur is the "default," it presumptively applies to an APA violation unless the Court indicates otherwise. *Data Mktg.*, 45 F.4th at 859. And here, the only deviation this Court made was to afford the SEC "limited time" to correct its mistakes—time which has now come and gone with no fix, and which the Court has refused to extend. Op. 26. Further, without the backstop of vacatur, the Court's 30-day time limit would be no different than an unconditional remand without vacatur, even though the point of the conditional vacatur was to avoid that result. 33 *Fed. Prac. & Proc.* § 8382.

The SEC now admits that it has not corrected the Rule's defects, Dkt. 145 at 2, its deadline for doing so has passed, and this Court already has declined to extend it. As a result, the Court's October 31 opinion mandates the Rule's vacatur. This Court therefore should issue a final judgment declaring as much to provide certainty to both the regulator and the regulated as to the state of the law.

## II. THE RULE MUST BE VACATED UNDER THIS COURT'S NOVEMBER 26 ORDER.

Even if this Court's October 31 opinion were not dispositive, this Court already found that an extended remand period is not warranted in its November 26 order denying the SEC's extension motion. As law of the case, that decision independently compels vacatur here.

Under "the law-of-the-case doctrine," when this Court "decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case." *Lindquist v. City of Pasadena*, 669 F.3d 225, 238 (5th Cir. 2012). The issue "need not have been explicitly decided; the doctrine also applies to those issues decided by necessary implication." *In re AKD Invs.*, 79 F.4th 487, 491 (5th Cir. 2023).

Here, the only possible option other than vacatur of the Rule would be an extension of the 30-day remand period. But the Court has already denied the SEC's request to do just that in its November 26 order. Petitioners' sole basis for opposing such an extension was that the Rule should be vacated if the SEC could not correct it in time. *See* Extension Opp. 3. By denying an extension, this Court accordingly implied that vacatur would be warranted if—as has now happened—the SEC failed to

7

correct it in the time allowed under the Court's October 31 opinion. Thus, under the law-of-the-case doctrine, this Court's November 26 order independently compels vacatur of the Rule.

### III. THIS COURT'S PREVIOUS DECISIONS WERE RIGHT TO REQUIRE VACATUR.

Even if this Court had not already decided the issue in its October 31 opinion and November 26 order, vacatur would still be the only appropriate outcome in this case. As Petitioners explained in their Extension Opposition, the Commission has never presented a reasoned case for more time, nor could it possibly satisfy the legal standard for continued remand without vacatur.

To begin with, the SEC has never properly made the case for continued remand without vacatur, and it is far too late for it to start now. The SEC never requested remand without vacatur in its merits briefing. Extension Opp. 8. Nor did it make a meaningful argument for that remedy in its extension motion. *Id.* at 8-9. The Commission has thus forfeited this argument, and is not entitled to yet another opportunity to try to make its case. *Id.*; *see Texas v. Biden*, 20 F.4th 928, 1001 (5th Cir.

2021) (*Texas II*). Nor, apparently, is it even interested in another opportunity, since it has taken no position on this motion. *Supra* at 1.

Forfeiture aside, the Commission could not possibly meet the two-part standard for continued remand without vacatur. Extension Opp. 9-24. *First*, the "deficiencies" in the Rule are "serious[]." *Texas I*, 50 F.4th at 529. The Rule cannot be reissued in its current form, because it is "clear as mud." Op. 24; *see* Extension Opp. 11. Moreover, the Commission failed to substantiate the Rule's two basic rationales, even though commenters had put the agency on notice of the problems with them. Extension Opp. 11-14. And even if the SEC could rehabilitate those problems, the Rule suffers from a host of other defects as well. *Id.* at 14-15. Underscoring the seriousness of the Rule's flaws, the SEC was not even able to estimate when it might be able to fix the Rule with the benefit of a longer remand period. *See* Dkt. 145 at 2.

*Second*, vacatur would not prejudice the SEC, but the continued uncertainty caused by a failure to vacate would cause serious "disrupt[ion]" for Petitioners, issuers, and investors. *Texas I*, 50 F.4th at 529. The Rule has never gone into effect, and the SEC can always propose another rule concerning buybacks after vacatur. And the Commission

does not claim that the Rule must take effect immediately to address some pressing exigency. *See* Extension Opp. 17-18. Indeed, the SEC has now stayed the Rule indefinitely. *See* Dkt. 128 at 7. Nor can the Commission claim any significant prejudice from the granting of a motion on which it takes no position. *Supra* at 1.

In contrast, absent vacatur, issuers will suffer continued uncertainty and incur substantial, unrecoverable compliance costs. If allowed to take effect, the Rule would require issuers to make disclosures under it as early as February 2024. Extension Opp. 19-21. And under its unilateral stay order, the SEC remains free to lift the stay and let the Rule take effect at any time. *Id.* at 21-23. This uncertainly is almost certainly causing issuers today to incur the ongoing costs of preparing to comply immediately in the event the SEC later decides the Rule should go into effect. *Id.* at 20-21. Further, given the extensive revisions to the Rule that would be required to bring it into compliance with the APA, continued remand without vacatur would unjustifiably allow the SEC to effectively issue a new rule on buybacks without following the APA's notice-and-comment requirements. *Id.* at 23-24. Only immediate vacatur adequately safeguards Petitioners' members and other issuers.

In short, even if it were permissible to do so, there is no good reason to avoid the necessary implications of this Court's October 31 opinion and November 26 order. Continued remand without vacatur is not warranted.

## CONCLUSION

This Court should vacate the Final Rule.

Dated: December 7, 2023

Respectfully submitted,

*/s/ Noel J. Francisco*

Tara S. Morrissey
Tyler S. Badgley
Kevin R. Palmer
U.S. CHAMBER LITIGATION CENTER
1615 H Street, N.W.
Washington, DC 20062
(202) 463-5337

Noel J. Francisco
Brian C. Rabbitt
Brinton Lucas
Charles E.T. Roberts
Ryan M. Proctor
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
njfrancisco@jonesday.com

Alexander V. Maugeri
JONES DAY
250 Vesey St.
New York, NY 10281
(212) 326-3939

*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I certify that on December 7, 2023, I served a copy of the foregoing on all counsel of record by CM/ECF.

Dated: December 7, 2023

> /s/ Noel J. Francisco
> Noel J. Francisco
> *Counsel for Petitioners*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume, typeface, and type-style requirements of Federal Rule of Appellate Procedure 27(d)(2) and Fifth Circuit Rules 27.4, 32.1, 32.2. Excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2, the response contains 2127 words and was prepared using Microsoft Word and produced in Century Schoolbook Standard 14-point font.

Dated: December 7, 2023

*/s/ Noel J. Francisco*
Noel J. Francisco
*Counsel for Petitioners*
